IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WISCONSIN WHEY PROTEIN,

                Plaintiff,                      OPINION and ORDER

    v.                                                             19-cv-667-wmc

ROBERT LAWRENCE, TODD DUMANSKI,
DR. LAWRENCE LABS, L.L.C., and NEW
HORIZON NUTRACEUTICALS, LLC,

                Defendants.

---

In this civil lawsuit, plaintiff Wisconsin Whey Protein asserted various state law claims against defendants relating to their failure to pay for whey protein products. On June 21, 2021, the court entered default judgment against defendants New Horizon Nutraceuticals, LLC, and Robert Lawrence in the amount of $65,844.48. (Dkt. #69.) However, plaintiff's attempts to enforce the judgment have been unsuccessful, as Lawrence and New Horizon Nutraceuticals have ignored plaintiff's deposition notices and ignored all contact from plaintiff and the court.

Plaintiff then turned to the court for assistance in enforcing its judgment, filing several motions for sanctions and post-judgment discovery assistance. (Dkt. ##99, 100, 104, 106, 112.) The court held a hearing on plaintiff's motions on March 19, 2024, at which plaintiff appeared telephonically by counsel and defendants again chose not to appear. As discussed at that hearing, the court has authority to execute its judgment under Federal Rule of Civil Procedure 69, including the authority to compel discovery and issue orders requiring judgment debtors to cooperate with collection efforts. *See also See Bank of Am., N.A. v. Veluchamy*, 643 F.3d 185, 188 (7th Cir. 2011); *Star Ins. Co. v. Risk Mktg. Grp.*

*Inc.*, 561 F.3d 656, 661 (7th Cir. 2009). Because defendant Lawrence provided no justification for his failure to appear at his properly-noticed deposition or otherwise participate in post-judgment discovery or the March 19 hearing, the court ordered him to show cause why he should not be held in civil contempt and be subjected to a monetary sanction for his behavior. Lawrence once again ignored the court's order and filed no response.

The court held a follow-up hearing on June 5, 2024, at which the court found Lawrence in civil contempt for his failure to respond to the court's previous orders. As the Seventh Circuit has explained, a district court may hold a party in civil contempt if there is "clear and convincing evidence" that the party "has willfully refused to comply with a court order, or evidence that a party was not 'reasonably diligent' in carrying out the terms of the court order." *Bailey v. Roob*, 567 F.3d 930, 935 (7th Cir. 2009). Lawrence's complete disregard of this court's orders and his refusal to accept communications from the court meet that standard.

After holding a party in civil contempt, the court may impose sanctions to either "compel compliance with the court order" or to "compensate the complainant for losses caused by contemptuous actions." *Tranzact Techs., Inc. v. 1Source Worldsite*, 406 F.3d 851, 855 (7th Cir. 2005) (citations omitted). As explained at the June 5 hearing, sanctions to compel Lawrence's compliance with *this court*'s orders would not likely help plaintiff, given Lawrence's refusal to participate in any court proceedings. However, the court will award

2

$37,855.36[1] in civil contempt sanctions to compensate plaintiff for its fees and expenses caused by Lawrence's contemptuous actions toward plaintiff and this court. *See Commodity Futures Trading Comm'n v. Premex*, Inc., 655 F.2d 779, 785 (7th Cir. 1981) ("Upon a finding of civil contempt, a court may, at its discretion, order reimbursement of the complainant, as part of the civil relief, of the party's fees and expenses incurred in bringing the violation to the court's attention.") Also, in response to plaintiff's recent request (dkt. #117), the court will preclude Lawrence from selling, transferring or disposing of any non-exempt, real property without written permission from this court.

However, the court declines to award punitive damages to plaintiff for same reasons it denied plaintiff's earlier request for punitive damages. The court explained at length during the original default hearing that plaintiff had failed to submit evidence showing that Lawrence intended to defraud plaintiff from the outset (July 6, 2021 Trans. (dkt. #71) 46–57), and later entered a text order expressly denying plaintiff's motion for punitive damages. (Dkt. #68.) The court declines to revisit that ruling.

---

[1] At the June 5, 2024 hearing, the court stated that it would award $107,848.12 in civil contempt sanctions to compensate plaintiff for attorney fees and costs. However, upon further review of plaintiff's detailed account records (dkt. #115), the court realized that $69,992.76 of plaintiff's request was for the original judgment of $65,844.48, plus post-judgment interest of $4,148.28. (*Id.* at 10.) But this court has already entered a judgment of $65,844.48 against defendant, so that will not be included as a contempt sanction. In addition, although the court agrees that plaintiff is entitled to post-judgment interest, plaintiff has not calculated the amount of interest correctly, as the interest should be compounded annually per 28 U.S.C. § 1961. In addition, the amount of post-judgment interest should be addressed by the court in which plaintiff is able to finally execute its judgment against defendant Lawrence, as the amount of post-judgment interest will depend on when defendant finally pays the judgment.

3

ORDER

IT IS ORDERED that:

1) Defendant Robert Lawrence is held in civil contempt for failing to comply with this court's March 19, 2024 order.

2) Defendant must pay plaintiff Wisconsin Whey Protein $37,855.36 in civil contempt sanctions, plus post-judgment interest assessed from June 21, 2021 until payment is made as set forth in 28 U.S.C. § 1961.

3) Defendant Lawrence is precluded from selling, transferring or disposing of any non-exempt, real property without written permission from this court

4) The clerk of court is directed to amend the judgment accordingly.

Entered this 6th of June, 2024.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge